UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN HADDOCK,

                        Petitioner,

      - v -                                 Civ. No. 9:06-CV-130
                                                    (DNH/RFT)

GARY GREENE,

                        Respondent.

**APPEARANCES:**                                            **OF COUNSEL:**

JOHN HADDOCK
Petitioner, *Pro Se*
04-A-6516
Great Meadow Correctional Facility
P.O. Box 51
Comstock, NY 12821

HON. ELIOT SPITZER                              MICHELLE ELAINE MAEROV, ESQ.
Attorney General for the State of New York      Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

    *Pro se* Petitioner John Haddock was convicted of two counts of failing to register as a sex offender on October 5, 2004, and was sentenced to concurrent terms of one to three years imprisonment. Dkt. No. 1, Pet. at §§ 1-4; Dkt. No. 4, Def.'s Mem. of Law at p. 2. Petitioner seeks a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the following grounds: 1) the prosecution did not disclose favorable evidence to Petitioner and therefore his conviction was unconstitutional; 2) the statute of limitations had already run when he was convicted; 3) Petitioner was deprived of

due process by the court and the prosecution; and 4) his conviction violates double jeopardy. Dkt. No. 1, Pet. at ¶ 12. Respondent brings this Motion to Dismiss stating that Petitioner has failed to exhaust his state judicial remedies. Dkt. No. 4. For the reasons set forth below, it is recommended that the Motion to Dismiss be **granted**.

## I. BACKGROUND

Petitioner, a convicted sex offender, was released from prison in May 2002, at which time he was to register with the local authorities as a sex offender, but failed to do so. Dkt. No. 4, Resp. Mem. of Law at p. 2; *see generally People v. Haddock*, 678 N.Y.S.2d 518 (N.Y. App. Div., 2d Dep't 1998). Petitioner was then convicted of failing to register in March 2003. Resp. Mem. of Law at p. 2. Petitioner thereafter relocated and once again failed to register as a sex offender. *Id.* Petitioner was subsequently convicted of failing to register on March 22, 2004. *Id.* The instant Petition arises from a conviction of two counts of failing to register as a sex offender on October 5, 2004.[1] *Id.*; Pet. at § 4.

On December 15, 2004, Petitioner filed an Amended Notice of Appeal to the New York Supreme Court, Appellate Division, Third Department, appealing his judgment and conviction of October 5, 2004. Resp. Mem. of Law at p. 5; Dkt. No. 4, Michelle Maerov Decl. at ¶ 3, Ex. A, Amended Notice of Appeal, dated Dec. 15, 2004. Evidently, this appeal has not been perfected since Petitioner's counsel has never filed a brief on Petitioner's behalf.[2] Resp. Mem. of Law at p. 5,

---

[1] The October 5, 2004 convictions arose from failing to register as a sex offender on "two occasions in May 2003: the anniversary of his release from prison and within ten days of his change of address as required under the sex offender registration act." Dkt. No. 4, Resp. Mem. of Law at p. 2.

[2] The Court is unaware if Petitioner's trial counsel filed the Amended Notice of Appeal or if separate appellate counsel was assigned and filed the Notice. *See* Resp. Mem. of Law at p. 5; Dkt. No. 4, Michelle Maerov Decl. at ¶ 3, Ex. A, Amended Notice of Appeal, dated Dec. 15, 2004.

n. 2.

However, on April 6, 2005, Petitioner, acting *pro se*, filed with the trial court a Motion to Set Aside the Sentence pursuant to N.Y. CRIM. PROC. LAW § 440.20.  Resp. Mem. of Law at p. 2; Maerov Decl. at ¶ 3, Exs. B, 440 Mot., C, Christopher Horn Affirm., dated Apr. 12, 2005, & D, Dec. and Order, dated Apr. 18, 2005.  Petitioner's motion was based upon the following grounds: 1) Petitioner's sentence was not within the guidelines prescribed for a class D felony; 2) the sentence is illegal because the crime of failure to register does not appear within the Penal Law; and 3) Petitioner was previously convicted for rape and the current conviction for failure to register constitutes double jeopardy.  Maerov Decl. at ¶ 3, Ex. B, 440 Mot.  The motion was opposed.  *Id.*, Ex. C, Horn Affirm.  On April 18, 2005, the trial court rendered its decision on Petitioner's motion.  *Id.*, Ex. D, Dec. and Order.  As to the first ground raised, the court stated the sentence was within the statutory parameters and thus the motion was denied.  *Id.*  In regards to the other issues raised, the court stated they could not be raised in a motion to set aside a sentence and could only be brought in a motion to vacate the judgment.  *Id.*  Therefore, the court construed the rest of the claims as if they had been brought pursuant to N.Y. CRIM. PROC. LAW § 440.10 in a motion to vacate the judgment.  *Id.*  The court stated that because the issues could be resolved by a review of the record, Petitioner should have included these grounds in a direct appeal of his conviction.  *Id.*  The court denied Petitioner's motion for that reason but alternatively considered Petitioner's arguments and denied them on the merits.  *Id.*  Petitioner subsequently appealed to the New York Supreme Court, Appellate Division, Third Department, and permission to appeal was denied on August 11, 2005. *Id.*, Ex. E, Appeal, dated Aug. 11, 2005.

## II.  DISCUSSION

### A.  Standard

Under 28 U.S.C. § 2254(b), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not consider a petition for *habeas corpus* unless the petitioner has exhausted all state judicial remedies.  *See* 28 U.S.C. § 2254(b)(1)(A).  This exhaustion doctrine requires that a *habeas* petitioner challenging a state conviction on federal grounds must have presented his or her claims to the state courts first.  *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 191 (2d Cir.), *cert. denied,* 464 U.S. 1048 (1984).  The Supreme Court has held in this regard that petitioners are required "to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

### B.  Exhaustion

Petitioner states in his Petition that he appealed his judgment of conviction and that the Appellate Division, Third Department rendered its decision on August 11, 2005, denying Petitioner's appeal.  Pet. at §§ 8 & 9.  He further states that he made an appeal to the New York State Court of Appeals pursuant to N.Y. CRIM. PROC. LAW § 460.20, but that he was informed that the appeal was not allowed.  Respondent claims that the appeal to which Haddock refers is Petitioner's motion to set aside the verdict and not a direct appeal of the judgment of conviction.  Resp. Mem. of Law at p. 5.  Thus, Respondent asks this Court to dismiss the Petition without prejudice in order for Petitioner to exhaust his state judicial remedies.  *Id.* at pp. 5-6.

Respondent is correct in that the appeal to the Appellate Division, Third Department, on August 11, 2005, was based upon his N.Y. CRIM. PROC. LAW § 440 motion and not on his direct

appeal of the conviction.  Maerov Decl., Ex. E, Appeal, dated Aug. 11, 2005.  Therefore, the Court will examine the procedures taken with respect to the direct appeal.

On December 15, 2004, counsel for Petitioner filed with the Appellate Division, Third Department, an Amended Notice of Appeal appealing the judgment of conviction.  *Id.*, Ex. A, Amended Notice of Appeal, dated Dec. 15, 2004.  Respondent relays that counsel never filed a brief and thus the appeal was never perfected.  Resp. Mem. of Law at p. 5.  This statement is premised with the fact that Respondent contacted the Appellate Division, Third Department, Albany County Clerk, and the Albany County District Attorney's Office to obtain any records regarding the direct appeal.  *Id.* at p. 5 n. 2.  The only record found was the Amended Notice of Appeal.  *Id.*

> Pursuant to N.Y. CRIM. PROC. LAW § 460.70,
>
> the mode of and time for perfecting an appeal which has been taken to an intermediate appellate court from a judgement, sentence or order of a criminal court are determined by rules of the appellate division of the department in which such appellate court is located.  Among the matters to be determined by such court rules are the times when the appeal must be noticed for and brought to argument, the content and form of the records and briefs to be served and filed, and the time when such records and briefs must be served and filed.

The New York State Appellate Division, Third Department, where Plaintiff filed his Amended Notice of Appeal, provides guidance through its Rules of Practice concerning Plaintiff's perfection of his appeal.  Under section 800.14(b) of the Rules of Practice, which is utilized for appeals in criminal cases, appellant's counsel is to file a brief within sixty (60) days after the last day for filing a notice of appeal.  *See* http://www.nycourts.gov/ad3/Rulesofthecourt.html#800.14.  The respondent is then to file a brief within thirty (30) days after service of the appellant's brief.  *Id.*  Oral arguments will be held sometime thereafter.  *Id.*  However, there is no mention of a time period by which the Appellate Division would deem an appeal from a criminal case abandoned if the appeal was not

perfected.[3]  *See generally id.*  In contrast, the court does prescribe a time period for abandonment in civil cases.  *See* http://www.nycourts.gov/ad3/Rulesofthecourt.html#800.12.  Based upon that information, Petitioner retains the opportunity to file a brief with the Appellate Division, Third Department, and complete exhaustion of his state judicial remedies.  While it is true that Petitioner subsequently brought a motion pursuant to N.Y. CRIM. PROC. LAW § 440 to set aside the sentence, because Petitioner's appeal was never perfected with the Appellate Division, we are not prepared to say he would be foreclosed from arguing the merits of his claims in a direct appeal of his conviction.

Therefore, it is recommended that the Motion to Dismiss be **granted**.[4]

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Motion to Dismiss (Dkt. No. 4) be **GRANTED**; and it is further

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE**; and it is further

---

[3] This Court contacted the Appellate Division, Third Department, in order to seek clarification on the issue. The Court was told that there is no time limitation placed on a defendant in a criminal case to perfect the appeal and that it would be the duty of the prosecutor in the criminal case to cut off the appeal if they so choose.  It does not seem that the prosecutor in Petitioner's criminal case has made such an effort.  *See* Resp. Mem. of Law.

[4] The Court notes that a stay of this case is not necessary.  Under the AEDPA, a *habeas* petition challenging a state-court judgment of conviction must be filed within one year of the date on which the judgment became final.  28 U.S.C. § 2244(d)(1)(A).  A conviction is deemed "final" under § 2244(d)(1)(A) "when the ninety-day period to seek direct review from the United States Supreme Court by way of certiorari expire[s]." *Valverde v. Stinson,* 224 F.3d 129, 132 (2d Cir. 2000).  However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2); *see also Bennett v. Artuz,* 199 F.3d 116, 119 (2d Cir. 1999) (citing *Mills v. Norris,* 187 F.3d 881, 883-84 (8th Cir. 1999) for the proposition that § 2244(d)(2) tolls the limitations period while state-court remedies are being pursued).  "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz,* 199 F.3d at 120.  Here, appellate review is still possible, therefore, a state court petition is still pending which would toll the statute of limitations.

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   December 19, 2006
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge